**MURPHY, Trustee in Bankruptcy for Gregory Francis Ramm, etc., Plaintiff-Appellee, v. HAYNES, Trustee, UNITED STATES FIDELITY & GUARANTY CO., Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4027.   Decided April 17, 1959.

Myron J. Nadler, Youngstown, for plaintiff-appellee.

David C. Haynes, Joseph P. Sontich, Youngstown, for defendants-appellants.

**OPINION**

By PHILLIPS, J.

Defendant, United States Fidelity & Guaranty Company, called surety, bonded Gregory Francis Ramm, William Ramm, Sr., and William Ramm, Jr., individuals, designated here as partners, doing business as The Ramm Construction Company, called the company, for the faithful performance of contracts for road improvements executed by the parties

and the City of Alliance, a municipal corporation existing under the laws of Ohio, called the city, and other Ohio municipal corporations.

The Ohio Road Improvement Company filed a lien against the city for material furnished and used by company in accordance with the contract on eight of the city's streets, company being in default of payment in the amount of $32,410.08. Defendant was notified of such lien by the City of Alliance on February 1, 1956.

On February 21, 1956, the parties and their respective wives conveyed by deed of general warranty to defendant, David C. Haynes, Trustee, and referred to as trustee, for the benefit of defendant, United States Fidelity & Guaranty Company, real estate situated in Youngstown, Ohio, appraised by defendant surety at $5,500.00. The fair value of the property conveyed plaintiff claims was $12,000.00.

When the real estate was deeded the surety was a creditor of the partnership and individual partners.

By stipulation the parties agreed:—

"14. The plaintiff brought its first cause of action under and by virtue of Section 60 b of the Bankruptcy Act, as amended, United States Code Annotated Title II, Section 96, which action, of course, was filed in the Common Pleas Court, to set aside the transfer of the real estate made within four months before the filing of said bankrupts of their respective petitions in Bankruptcy.

"15. At the time of the execution of said deed, to wit: on February 21, 1956, the defendant, United States Fidelity and Guaranty Company, was a creditor of the individual partners and partnership.

"16. Defendant is a general unsecured creditor in the Bankruptcy proceedings in said bankruptcies, and that by reason of secured and priority claims, no dividend will be paid to general unsecured creditors of the bankrupt; that the effect of the transfer of the aforesaid real estate to United States Fidelity and Guaranty Company is to enable United States Fidelity and Guaranty Company to obtain a greater percentage of said debt than other general unsecured creditors."

As stipulated by the parties the full finding of the court was as follows:—

"The court finds on the issues joined for plaintiffs against the defendants on the first cause of action and for defendants on the third cause of action. 3 Collier Bankruptcy, Page 925, Sec. 6041, §5301.25 R. C..; 3 Collier Bankruptcy, Page 917, Sec. 60.39 et seq. See also §§153.54 and 153.57 R. C., decree to plaintiff to be prepared by counsel."

The partners and companies having defaulted in the performance of their contracts with the respective cities prior to being adjudged bankrupt upon due notification the surety proceeded to complete all the contracts between the partners and the company, and during the month of April 1956, hired Kane, O'Horo and Haenny Construction Company of Youngstown, Ohio, to complete all the streets at a total loss to surety of approximately $100,000.00.

Subsequently plaintiff, Robert M. Murphy, Trustee in Bankruptcy for Gregory Francis Ramm, William James Ramm, Sr., and William James Ramm, Jr., individually and as partners doing business as Ramm

Construction Company, a partnership, and Ramm Construction Company, a partnership consisting of Gregory Francis Ramm, William James Ramm, Sr., and William James Ramm, Jr., sued the surety in the common pleas court seeking to set aside by three causes of action the transfer of the real estate to Trustee Haynes.

The first cause of action was bottomed on Section 60 b of the Bankruptcy Act, as amended, United States Code Annotated Title II, Section 96, dealing with vacation of transfer of real estate made within four months before the filing of the bankrupts' respective petitions in bankruptcy. The second cause of action of plaintiff's petition was dismissed. On the third cause of action the trial judge found as stated by journal entry of October 3, 1958, reading as follows:—

"The court finds on the issues joined for plaintiff against defendants on the first cause of action, and that the allegations contained therein are true; 3 Collier on Bankruptcy, Page 925, Section 60.41; §5301.25, R. C.; 3 Collier on Bankruptcy, Page 917, Section 60.39 et seq.; see also §§153.54 and 153.57 R. C.; that the transfer by Gregory Francis Ramm, William James Ramm, Sr., and William James Ramm, Jr., and others to the defendants, as alleged in the plaintiff's petition of the following described real estate is a preferential transfer under Section 60 b of the Bankruptcy Act as amended, U. S. Code Annotated, Title II, Section 96, and is null and void and of no force and effect as against plaintiff herein. * * *

"* * * That judgment be, and the same is hereby awarded plaintiff against defendants as prayed for in said petition; and defendants, be, and they are hereby further ordered to convey to plaintiff said premises, with the appurtenances thereunto belonging, by good and sufficient deed in fee simple free from any and all rights, claims, encumbrances and restrictions, and upon the failure of said defendants so to do within thirty days after the entry hereof upon the journal of this court, this order and judgment shall operate as a conveyance of such premises, * * *"

Defendants appealed from the judgment of the trial judge on questions of law.

In our opinion the trial judge did not err to defendants' surety and its trustee's prejudice in holding that under the stipulated facts in the case we review Section 60 b of the Bankruptcy Act, as amended, United States Code Annotated, Title II, Section 96, took precedence over §5301.25 R. C., and the interpretation thereof by the Supreme Court in the case of **Dow v. Union National Bank, 87 Oh St 181,** with reference to recording of the deed from the partners to defendants within four months prior to filing by bankrupt transferors of their petitions in bankruptcy.

Defendants argue the lower court established a dangerous rule "that if any deed is not recorded within the four months period prior to bankruptcy, and regardless of the agreements and equities of the parties involved, then under Section 60 (a) the transfer of realty can be set aside by a trustee.

As between the partners and defendants, right to the real estate attached upon delivery of the deed of conveyance. As between defendants and the world defendants' right attached upon recording.

It is stated in **25 O. Jur. (2nd), Section 77, Page 503,** under the subject "fraudulent conveyances" that:—

"* * * In 1916 the United States Supreme Court in a decision on appeal from the Court of Appeals for the Sixth Circuit held that the recording of a conveyance by an insolvent is not 'required' by law, within the provisions of the Bankruptcy Act avoiding preferential transfers of an insolvent recorded or registered within 4 months before the bankruptcy proceedings are begun, if by law recording or registering is required, where, under the applicable local law, the failure to record a deed does not render it invalid as to the grantor's creditors, but only as to subsequent bona fide purchasers without notice. * * *."

Under Section 60 (a) of the Bankruptcy Act a transfer of real estate is not "deemed to have been made" until the deed is recorded under Ohio law. The deed was received for record on March 21, 1956, and recorded on March 22, 1956, on which date under Bankruptcy Law the transfer was "deemed to have been made," and was within four months of bankruptcy.

In the Indiana case of In re Cox-Muncie Banking Co. v. Retherford, 132 Federal (2nd) 881 at 883, the application of the rule is explained as follows:—

"Under this statutory test the transfer in question was made and became effective when it became valid against a bona fide creditor. Under Indiana statutes, that was when it was recorded."

The obvious reason for the special bankruptcy rule to determine when a transfer of real estate is made is because creditors will be charged with knowledge of such transfer only at the time such transfer is recorded, before which date they can not initiate bankruptcy proceedings to recover the transferred property.

Appellee contends:—

1. Section 60 (a) of the Bankruptcy Act does not change, amend, alter, or in any way effect the interpretation of the Ohio statute; that the Federal Statute merely decides for bankruptcy law purposes the time when a transfer of real estate is deemed to be made; and that the Federal Statute actually relies upon the Ohio Statute to determine when this time shall be.

2. That even if it were considered that the Federal Statute is inconsistent with the Ohio provision, the Federal Statute must prevail; and that this must be the most fundamental and elementary concept in all American Jurisprudence.

Article VI, Clause 2, of the United States Constitution provides:—

"This Constitution, and the Laws of the United States which shall be made in pursuance thereof; * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or Laws of any state to the contrary notwithstanding."

Defendants contend the transfer was not made for and on account of an antecedent debt within the purview of Section 60 (a) but was for a fair and present consideration, and that Section 60 (a) therefore had no application.

As shown above, an antecedent debt was created when the Ohio Road Improvement Company filed its lien for $32,410.08. This brought the Bonding Company immediately into the picture as a creditor. When the deed was delivered on February 21, 1956, and recorded a month later, this debt already existed and although further claims and debts were assumed by the Bonding Company at later dates, in the absence of a showing that the transfer was made explicitly for one of them, it must be construed as being in satisfaction of the earliest debt, thus making it an antecedent debt within the terms of the Bankruptcy Section.

It is held in Pacific Indemnity Company v. Grand Avenue State Bank of Dallas, Texas, et al, 223 Federal (2nd) 513, at page 520, that:—

"However, this only means that Section 60, sub. a, as amended requires appellant's assignment to be considered as having been made immediately before bankruptcy. It does not necessarily require the holding that the assignment was a voidable preference within the meaning of Section 60, sub. a(1), since we must also determine whether or not the assignment was made to secure an antecedent debt and enables appellant to obtain a greater percentage of its debt than it would otherwise receive. The bankrupt's petition was filed on August 27, 1953, ten days after it had notified appellant of its default and six days after it had suspended all work on the contract. According to the trial court's findings appellant had already taken over the contract, was paying past due bills and was completing the construction at its own expense. Hence, it is clear that even when the assignment itself took effect under the provisions of Section 60, sub. a, it was for both new and contemporaneous consideration and future obligations of the contractor, not for an antecedent debt."

Section 67 (d) of the Bankruptcy Act deals with the right of a trustee to recover fraudulent conveyances, and is itself a word for word incorporation of the Uniform Fraudulent Conveyances Act. Fraudulent conveyances have nothing to do with preferential transfers.

The case of Pacific Indemnity Company v. Grand Avenue State Bank of Dallas, Texas, et al, 223 Federal (2nd) 513, is distinguished from the case we review by the fact that that case was not an action to recover a preference but an action by a surety to recover those funds from a bank. The case involves personal rather than real property, and the "perfection test" with respect to personalty is different than that applied by the Bankruptcy Act to real estate.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, DONAHUE, J, concur.